NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY VALDEZ,

Petitioner-Appellant,

v.

RAYMOND MADDEN,

Respondent-Appellee.

No.    22-55905

D.C. No.
2:20-cv-04190-JVS-MAR
Central District of California, Los
Angeles

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 5, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Petitioner-appellant, Anthony Valdez, appeals the district court's denial of

his habeas petition challenging the state court's denial of a *Batson*[1] challenge to the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]      "*Batson/Wheeler*" is a shorthand description of a claim that a juror was
stricken for an improper racial reason.  *See Batson v. Kentucky*, 476 U.S. 79
(1986); *People v. Wheeler*, 538 P.2d 748 (Cal. 1978).

prosecution's peremptory strike of a young Hispanic man. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We presume the parties' familiarity with the facts of the case and do not discuss them in detail here.

"Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure." *Batson v. Kentucky*, 476 U.S. 79, 86 (1986). Ruling on a *Batson* challenge invokes a three-step process: (1) a defendant must make a prima facie showing that the peremptory challenge was exercised on the basis of race; (2) if such a showing is made, the prosecution must offer a race-neutral reason for the strike; and (3) in light of the response, the trial court must determine whether the defendant has shown that the prosecution's race-neutral reasons masked purposeful discrimination. *United States v. Mikhel*, 889 F.3d 1003, 1028 (9th Cir. 2018) (citing *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015)).

We review a district court's ruling on a *Batson* challenge for clear error when, as here, the district court properly utilized the three-step process. *Id.* at 1028 (citing *Snyder v. Louisiana*, 552 U.S. 472, 478 (2008)). Because Valdez's federal habeas petition seeks review of a state court's denial of relief, we consider it pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Valdez must show either that the state court's decision was "contrary

2

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011) (quoting 28 U.S.C. § 2254(d)). As the California Supreme Court summarily denied review, the California Court of Appeal's decision is the "relevant state-court decision." *See Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010).[2]

**1.**     Valdez asserts that the prosecutor's concerns with Juror 23's relationship with gangs are not credible and mask a discriminatory intent to exclude Hispanic jurors. Certainly, Juror 23's statement about playing soccer against a team that had some gang members, and which concluded with a stabbing, does not establish that Juror 23 had a relationship with gangs or gang members. However, Juror 23's statement does suggest, tenuously or not, that he has some knowledge or relationship with gangs. Similarly, although Juror 23's silence when the trial judge initially asked about experiences with crimes of violence can be explained by the fact that the initial language was limited to family members and close friends, it is also reasonable to wonder whether Juror 23 had some other reason for not

---

[2]     "Under AEDPA, we review the last reasoned state-court decision. When a state court does not explain the reason for its decision, we 'look through' to the last state-court decision that provides a reasoned explanation capable of review." *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014) (internal citations omitted).

3

responding to the first inquiry. Moreover, the prosecutors' concerns with Juror 23's relationship with gangs were joined by their concerns regarding Juror 23's youth, unmarried status, and lack of profession.

**2.** Valdez contends that the prosecutors' additional concerns were belied by the record. He is particularly critical of the fact that the additional reasons were not offered until after the trial court questioned the prosecutor's concerns with Juror 23's possible relationship with gangs. But the additional reasons for the strike were consistent with the prosecutors' initial concerns and were applicable race-neutral grounds for the strike. Valdez has not shown that the trial court unreasonably determined that the prosecutor's strike of Juror 23 was not racially motivated.

**3.** Valdez also argues that the trial court incorrectly required that he show "purposeful discrimination" and a "systematic exclusion of Hispanic jurors." Valdez is correct that the trial court erred in suggesting that Valdez had to show a systematic exclusion of jurors. *See People v. Baker*, 480 P.3d 49, 64–65 (Cal. 2021), *cert. denied sub nom. Baker v. California*, 142 S. Ct. 123 (2021). But, as the district court concluded, this mistake was harmless because the trial court and the California appellate court further found that the strike was based on race-neutral reasons and that Valdez had not shown that the prosecutors had a discriminatory purpose in striking Juror 23.

**4.**     Finally, Valdez argues that an evidentiary hearing is required to resolve key factual disputes. Although we ruled in *Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012), that in "some limited circumstances" a "state court's failure to hold an evidentiary hearing may render its fact-finding process unreasonable," we further explained that a federal court may not second guess a state court's fact-finding process unless it concludes that the state court "was not merely wrong, but actually unreasonable." *Id.* at 1148 (citing *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)). Here, Valdez has not shown a need for an evidentiary hearing. The issue is not whether Juror 23 had some relationship with gangs, but whether the prosecution's concern about his possible relationship to gangs was reasonable or if it masked a discriminatory motive. The trial judge, who observed the prosecutors, determined that the prosecutors' reasons for striking Juror 23 were race-neutral. Valdez has not suggested that there were any facts that were not considered by the trial judge. Valdez has not shown that there are any outstanding facts that might undercut the determination by the trial court, the state appellate court, and the district court that the prosecution's peremptory strike of Juror 23 was not motivated by a discriminatory intent.

The district court's denial of Valdez's habeas petition is **AFFIRMED**.

5